IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION,     )<br>)<br>)<br>Plaintiff,     )<br>)     CIVIL ACTION NO.: 5:09-CV-00112-sgw<br>v.     )<br>)<br>PRESTON LAKE HOMES, LLC and     )<br>RICHARD J. HINE,     )<br>)<br>Defendants.     ) | |

BRIEF IN REPLY TO OPPOSITION OF WACHOVIA BANK, NATIONAL ASSOCIATION TO DEFENDANTS' MOTION TO DISMISS OR STAY

In its Brief in Opposition to Defendant's Motion to Dismiss or Stay ("Response Brief"), Wachovia[1] has misconstrued the nature of the causes of action pending in the state court in the Circuit Court of Rockingham County, Virginia (Case No. CL09-167) (the "State Action"), making it appear as though that case is not parallel to this one. Wachovia has also cited inapposite case law in an apparent effort to persuade this Court that "exceptional circumstances" do not exist to warrant this Court to abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The cases *are* parallel, there *are* exceptional circumstances, and this case clearly calls for application of the *Colorado River* abstention doctrine.

I.     The State and Federal Cases are Parallel

Despite Wachovia's characterization of the State Action as "primarily [an] attempt to recover… on a mechanic's lien," *Response Brief* at p. 7, counsel for the State Action plaintiff

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Defendants' Memorandum in Support of Motion to Dismiss or Stay. [Docket No. 7]

("A&J") announced at a hearing on February 23, 2010 that A&J had reached a settlement with Wachovia on the mechanic's lien count. The terms of this settlement mirror the terms that A&J and defendant Preston Lake Homes, LLC ("PLH") had reached earlier but that Wachovia had refused to fund. Nothing has changed in the State Action to prompt Wachovia to flip-flop on its position; instead, Wachovia has made this move to settle the State Action mechanic's lien claim as a tactical effort to eliminate *in rem* jurisdiction for purpose of avoiding *Colorado River* abstention. Ironically, with respect to the first prong of *Colorado River* analysis, the settlement of the state mechanic's lien claim will have the effect of making the parties and the claims in the prior state and later federal actions more parallel.

If Wachovia and A&J reach settlement on the mechanic's lien claim, then Wachovia's *only* involvement in the State Action will relate to the cross-claims that PLH has asserted against Wachovia. Wachovia posits that these state cross-claims are "really defenses to the contract claims that Wachovia has asserted in this [federal] Court."[2] Response Brief at 10. Taking Wachovia at its word, it has unintentionally admitted that the state and federal claims are parallel: all that remains for Wachovia in the State Action is to defend against claims relating to the Loans, and this case involves *only* the enforcement of the purported Loan and guaranty obligations of PLH and Mr. Hine, respectively. Moreover, settlement of the mechanic's lien claim will eliminate all the nominal mechanic's lien defendants from the State Action, leaving only Wachovia, PLH and PLH's affiliate, The Hine Group, LLC, along with the pending intervention of Richard Hine. Although the parties to the state and federal actions were already "substantially similar" for purposes of *Colorado River* analysis, the settlement of the state mechanic's lien claim will make this even more obvious.

---

[2] Contrast this admission with the illogical and incongruous conclusion that "All of the claims asserted in the State Court proceeding may be resolved without disruption to or bearing on the federal claims asserted by Wachovia, and vice-versa." Wachovia Brief at p. 11.

370671

2

Wachovia correctly asserts that it is not compelled under Virginia law to assert its claims as counterclaims in state court.[3]  *Id.* at pp. 6, 11.  However, this is a red herring because it is undisputed that Wachovia *could* bring its claims in the State Action.  In fact, the typical *Colorado River* abstention cases arise when federal plaintiffs could have brought their claims in either state or federal court.

As for Wachovia's contention that Defendant's state cross-claims should not have been brought in connection with the state mechanic's lien case, it is enough to say that if the state court plaintiff was not paid for services it delivered to PLH, then this was because Wachovia failed to fund PLH's Loan.  Obviously Wachovia's breach of its Loan obligations to PLH had direct downstream effects upon the creditors of PLH.  The fact that Wachovia has not sought a hearing date for its state court demurrer is a plain testament to its own understanding that the cross-claims were not "graft[ed to the] mechanic's lien dispute."  Response Brief at 10.

II.   Exceptional Circumstances Exist to Justify *Colorado River* Abstention

Since this case and the State Action are parallel, this Court must apply the "exceptional circumstances" test to determine whether to abstain from hearing the case in deference to the state court.

A.   The State and Federal Cases Apply Jurisdiction Over the Same *Res*

Wachovia concedes that "[i]f two cases are filed in separate courts and involve *in rem* jurisdiction over the same property, the court in which the suit was first filed obtains jurisdiction to the exclusion of all other courts with respect to such property."  Response Brief at 12.  It is therefore undisputed and conceded that the Circuit Court of Rockingham County had prior jurisdiction over these matters *as filed.*  Subsequent to Wachovia's receipt of Defendants' motion

---

[3] For that matter, it is under no duty to bring them here either.

to dismiss on *Colorado River* grounds, Wachovia made two transparent tactical moves to attempt to defeat dismissal by this Court: (1) Wachovia filed under Rule 41(a)(1) to attempt to selectively dismiss Count III from its complaint in this Court; and (2) Wachovia reached settlement in principle with the state court plaintiff, A&J, in an effort to back out of the state court's *in rem* jurisdiction. This Court should not honor Wachovia's tactical maneuvers because (1) they are technically deficient, and (2) they ask the Court to ignore substance in favor of the superficial.

Wachovia admits that its reason for attempting to dismiss Count III of its Federal Complaint was that it "could create conflicting jurisdiction over Preston Lake property." *Id.* at pp. 7, 18. Wachovia has recognized the simple truth that seeking the appointment of a receiver in one case and the enforcement of mechanic's liens in another involving the same property, brings the first factor of the "exceptional circumstances" analysis squarely in favor of abstention. Unfortunately for Wachovia, its purported "Notice of Dismissal" [Docket No. 16] did nothing to alter the face of its Complaint. The law is clear that a plaintiff cannot simply dismiss counts in piecemeal fashion under Fed. R. Civ. P. 41. *See Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996); *General Signal Corp. v. MCI Telecomms.*, 66 F.3d 1500, 1513 (9th Cir. 1995); 8 *James Wm. More et al., Moore's Federal Practice* ¶ 41.21[1] (3d ed. 2010) ("Rule 41(a) may not be employed to dismiss fewer than all of the claims against any particular defendant."). Since nothing in Wachovia's Notice of Dismissal seems to indicate its intention to dismiss all claims against any defendant, it is ineffective. Wachovia has not filed an amended complaint pursuant to pursuant to Fed. R. Civ. P. 15(a) and, as a result, its attempt to drop Count III from its federal complaint is null.

Further, even if Wachovia had properly dismissed Count III in this Court, the substance of this case inevitably concerns the *res* – the Property that is at the core of PLH's development and that secures Wachovia's Loans to PLH. If Wachovia were to prevail on any of its claims in this Court, the judgment will directly impact the *res* because enforcement of that judgment would necessarily take the form of a foreclosure action against the *res*. The Loans are secured by this Property, and PLH has no other substantial assets. The foreclosure action would necessarily return to the Circuit Court of Rockingham County.

Substantively, then, Wachovia's efforts to skirt *Colorado River* abstention by tactical maneuvering are exposed as superficial. The rationale behind the *in rem* rule in *Colorado River* analysis remains: it is best to leave the action with the first court that obtains jurisdiction over the property where the property is central to the disposition and the enforcement of the claims. Therefore, Wachovia's tactics—(1) dismissing Count III in this Court, and (2) settling with the plaintiff in the State Action—are transparent and superficial maneuvers that should not obscure the reality between these litigants. Both parties' claims are based on the Loans, and the Loans are secured by the property of PLH. Consequently, as Wachovia concedes, the court first obtaining jurisdiction over the *res* should exercise "jurisdiction to the exclusion of all other courts…." *See* Response Brief at 12. Here, that court is the Circuit Court of Rockingham County, Virginia.

      B.    <u>The Balance of the Remaining Factors Favor Abstention</u>

Even if Wachovia had properly amended its Complaint in an effort to avoid application of *Colorado River* doctrine, exceptional circumstances still justify federal abstention in the present case. As discussed in the Defendants' Memorandum in Support [Docket No. 7], moving from state court jurisdiction over property, of the six remaining *Colorado River* factors, five

overwhelmingly militate in favor of abstention and only one (convenience of the forum) is neutral.

## CONCLUSION

Prior state court *in rem* jurisdiction requires federal abstention in this case, and the balance of the remaining *Colorado River* factors weighs heavily in favor of the same result. Against this, in reaction to the filing of Defendants' motion to dismiss this action, Plaintiff has countered with transparent tactical maneuvers that address form instead of substance. Respectfully, this Court should not be diverted by Plaintiff's maneuvering and should dismiss or stay this action until the prior State Action is concluded.

Dated:  March 3, 2010                                    Respectfully submitted,


                                                                     /s/ Athanasios Basdekis
                                                                     Athanasios Basdekis (VSB No. 50913)
                                                                      Jonathan D. Boggs
                                                                      Bailey & Glasser, LLP
                                                                      209 Capitol Street
                                                                      Charleston, WV  25301
                                                                      (304) 345-6555
                                                                      (304) 342-1110 (facsimile)
                                                                      tbasdekis@baileyglasser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2010, I presented the foregoing "BRIEF IN REPLY TO OPPOSITION OF WACHOVIA BANK, NATIONAL ASSOCIATION TO DEFENDANTS' MOTION TO DISMISS OR STAY" to the Clerk of Courts for filing and uploading to the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Peter J. Barrett, Esq.
Jeremy S. Williams, Esq.
Matthew J. Kurz, Esq.
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
peter.barrett@kutakrock.com
jeremy.williams@kutakrock.com
matthew.kurz@kutakrock.com


 /s/ Athanasios Basdekis