CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 0 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, <br>     Plaintiff, <br><br> v. <br><br> PRESTON LAKE HOMES, LLC and <br> RICHARD J. HINE, <br>     Defendants. | Civil Action No. 5:09cv00112 <br><br> **MEMORANDUM OPINION** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This is an action by plaintiff, Wachovia Bank, National Association ("Wachovia"), against Preston Lake Homes, LLC ("PLH") and Richard J. Hine ("Hine"), PLH's managing member, to recover on a note and deed of trust in connection with two loans that it made to PLH and which Hine personally guaranteed.[1] The purpose of the loans was to enable PLH to acquire and develop Preston Lake, a real estate development in Harrisonburg, Virginia. The matter is currently before the court on the defendants' motion to dismiss or, in the alternative, to stay Wachovia's suit until a suit filed earlier in the Circuit Court of Rockingham County, Virginia, by A&J Development and Excavation, Inc. ("A&J"), a subcontractor for the development project, is completed. The defendants maintain that this court should abstain here because Wachovia's suit parallels the earlier suit and because "exceptional circumstances" warrant application of Colorado River abstention. See Colorado River Water Consv. Dist. v. United States, 424 U.S.

---

[1] Jurisdiction over the dispute is pursuant to 28 U.S.C. § 1332. Wachovia is a national banking association with its principal place of business in North Carolina. The court notes that for diversity jurisdiction purposes, a national banking association like Wachovia is located in the state designated in its articles of association as the locus of its main office, not in every state where it has branch offices. See Wachovia Bank v. Schmidt, 546 U.S. 303 (2006). PLH is a limited liability company organized under the laws of the Commonwealth of Virginia with its principal place of business in Harrisonburg, Virginia, and Hine is a citizen of the Commonwealth of Virginia. The amount in controversy exceeds $75,000, exclusive of interests and costs.

800 (1976). The court finds that the federal and state cases are not parallel and that even if they were, there are no exceptional circumstances warranting abstention. Accordingly, the court denies the defendants' motion.

## I.

PLH began a banking relationship with Wachovia in July 2006. In furtherance of that relationship, Wachovia agreed to supply PLH with two loans, an acquisition and development loan and a construction loan (the "loans"), to finance the Preston Lake development. These loans were secured by a deed of trust on the real property. Hine also executed personal guarantees on the loans.

Alleging it had not been paid, A&J, a subcontractor on the Preston Lake project, filed suit on February 27, 2009, in the Circuit Court of Rockingham County, Virginia, against PLH, THG, Wachovia, TRSTE, Teg Masonry, Inc., and Rockingham County, Virginia, to enforce a mechanic's lien that it had filed on the property.[2] In December 2009, PLH filed its amended answer and counterclaims to A&J's amended complaint as well as cross-claims against Wachovia. The cross-claims against Wachovia include claims for: (1) breach of a contract to fund a settlement with A&J; (2) breach of contract to perform its obligations under the loans; (3) breach of the covenant of good faith and fair dealing; (4) breach of fiduciary duty in connection with a joint venture; (5) a declaratory judgment that Wachovia had waived its rights against PLH;

---

[2] A&J named Wachovia and TRSTE, the trustee on the deed of trust, as parties to the suit because of their claim to the property by virtue of the deed of trust. A&J also named Teg Masonry, Inc., as a party because Teg Masonry, Inc., had filed its own mechanic's lien against the property, and A&J named Rockingham County, Virginia, as a party because PLH had been delinquent in its payment of real estate taxes to Rockingham County, Virginia, for the property subject to A&J's mechanic's lien.

2

(6) a declaratory judgment that Wachovia is estopped from bringing claims against PLH; (7) negligent misrepresentation; (8) breach of an oral contract; (9) fraudulent misrepresentation; (10) conversion; and (11) a preliminary and permanent injunction from foreclosing on Preston Lake.

A few weeks later, Wachovia filed a demurrer in the state action. That demurrer is still pending in the Circuit Court. Wachovia also filed this action against PLH and Hine to recover on a note and deed of trust. Wachovia's suit raises claims for breach of contract and seeks judgment in the form of compensatory damages from PLH and Hine for their alleged default on the loans.[3] PLH and Hine filed a motion to dismiss or, in the alternative, to stay Wachovia's suit until the state action is completed. After the defendants filed their motion, a settlement was reached in the state action between A&J, PLH, and THG. Accordingly, the only claims remaining in the state action are PLH's cross-claims against Wachovia.[4]

## II.

Defendants maintain that pursuant to the Colorado River doctrine, the court should grant

---

[3] Wachovia's original complaint contained three counts – two breach of contract counts and one count for the appointment of a receiver. Wachovia, however, properly exercised its right to take a voluntary dismissal without prejudice on the count seeking the appointment of a receiver in accordance with Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a)(1)(A) provides that a plaintiff, without a court order, "may dismiss an action . . . by filing: (i) a notice of dismissal before the opposing party serves either an *answer* or a *motion for summary judgment* . . . ." (emphasis added). Here, neither PLH nor Hine has filed an answer or a motion for summary judgment. They have filed a motion to dismiss, but a motion to dismiss does not preclude Wachovia from dismissing the third count of its complaint under Rule 41.

The court notes that Rule 41(a)(1)(A) is subject to Fed. R. Civ. P. 66, which provides that an action in which a receiver *has been* appointed may be dismissed only by court order; however, the third count of Wachovia's complaint *seeks the appointment* of a receiver, and therefore, Rule 66 does not preclude its ability to take a voluntary dismissal on that count.

[4] The court notes that when addressing whether abstention is proper the court must base its decision upon the "current posture of the state court actions." Gannett Co., Inc. v. Clark Constr. Group, Inc., 286 F.3d 737, 745 (4th Cir. 2002)

their motion to dismiss or, in the alternative, to stay this federal proceeding pending the completion of the state action because the two suits are parallel and because exceptional circumstances warrant abstention. The Supreme Court has made it clear that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River, 424 U.S. at 813. Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. Gannett Co., Inc. v. Clark Constr. Group, Inc., 286 F.3d 737, 741 (4th Cir. 2002). Therefore, before a federal court can abstain under the Colorado River doctrine, there must be (A) parallel proceedings in federal and state court and (B) exceptional circumstances warranting abstention. See id. at 742. The court finds that this case does not warrant abstention because the state and federal proceedings are not parallel and, in any event, there are no exceptional circumstances.

### A.

Defendants contend that abstention is appropriate because the federal and state suits are parallel in that they involve substantially the same parties litigating substantially the same issues in different forums. The court finds that while the suits may overlap, they are not directly parallel. Accordingly, the court denies the defendants' motion on that ground.

Defendants are correct that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Gannett, 286 F.3d at 742 (citing New Beckley Mining Corp. v. Int'l Union, UMWA, 946 F.2d 1072, 1073 (4th Cir. 1991)). However, even if two actions are otherwise "virtually identical" they are not parallel if the issues they raise and the remedies they seek are not the same. See New Beckley, 946 F.2d at 1074. Here, the litigating parties appear substantially the same in that the only remaining parties to the state action are PLH, THG, and Wachovia, while the parties to the federal action are PLH, Hine, and Wachovia.

4

Nevertheless, even if the court determines that the parties are substantially the same, the parties are not litigating substantially the same issues. The state suit raises a host of claims, some related to the loans, others independent of the loans. For example, PLH's first claim pertains to Wachovia's failure to fund the A&J-PLH-THG settlement, which has nothing to do with whether either Wachovia or PLH defaulted under the terms of the loans. The federal action, on the other hand, entails a suit to enforce a note arising out of the borrower's default. Furthermore, the state action seeks declaratory and injunctive relief in addition to compensatory and punitive damages; whereas, the federal action seeks compensatory damages from the borrower and the guarantor. Because the two suits raise different issues and seek different remedies, they are not parallel. Accordingly, the court will not abstain from exercising its jurisdiction and denies the defendants' motion on that ground.

**B.**

Defendants also assert that there are exceptional circumstances that warrant Colorado River abstention. The court finds that even if the actions could be considered parallel, abstention is still improper as there are no exceptional circumstances, and therefore, the court also denies the defendants' motion on that ground.

It is well-settled that the pendency of a similar suit in state court is not a ground for a federal court to abstain unless the suits are parallel and there are exceptional circumstances that warrant abstention. See McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992). The Supreme Court has acknowledged a handful of factors that are pertinent to determining if a particular case involves exceptional circumstances. Those factors include a consideration of "(1) [the] jurisdiction over the property; (2) [the] inconvenience of the federal forum; (3) the

desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties rights." Gannett, 286 F.3d at 741 (citations omitted). In addition, courts consider if either the state or federal suit "was a contrived, defensive reaction to the other." McLaughlin, 955 F.2d at 935. These factors do not constitute a "mechanical checklist"; rather, they require a "careful balancing . . . with the balance heavily weighted in favor of the exercise of jurisdiction." Gannett, 286 F.3d at 744 (citations omitted). This heavily weighted balancing in effect creates a presumption in favor of exercising jurisdiction. Here, the factors, when balanced carefully, weigh in favor of this court exercising its jurisdiction.

The first factor, the jurisdiction of the property, weighs in favor of the exercise of jurisdiction because the claims involved in the state and federal action are *in personam* claims, and therefore, there are no *in rem* or *quasi in rem* claims over which either court has jurisdiction.

The second factor, the inconvenience of the federal forum, also weighs in favor of the exercise of jurisdiction because both courts are located in Harrisonburg, Virginia, so the forums are equally convenient for the parties.

Likewise, the third factor, the desirability of avoiding piecemeal litigation, weighs in favor of the exercise of jurisdiction. "The threat of inconsistent results and the judicial inefficiency inherent in parallel breach of contract litigation . . . are not enough to warrant abstention." Gannett, 286 F.3d at 744; see also Gordon v. Luksch, 887 F.2d 496, 497-98 (4th Cir. 1989). Thus, in order for the third factor to favor abstention, "retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums." Gannett, 286 F.3d

6

at 744. Here, the defendants have offered nothing suggesting that if this court exercises its jurisdiction there will be dangers beyond those inherent in parallel proceedings or that this suit is ill-suited for resolution in two forums.

As for the fourth factor, the order in which jurisdiction was obtained, the Supreme Court has stressed that the order of filing should be viewed pragmatically, meaning "priority . . . should be measured in terms of how much progress ha[s] been made in the two actions." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983). Here, both the state and federal proceedings are still in the pleading stage. In the state suit, a demurrer is pending, and in the federal suit, a motion to dismiss or stay is pending. Because the two suits are at essentially the same stage in the litigation process, this factor also weighs in favor of the exercise of jurisdiction.

The fifth factor, whether federal law is implicated, weighs in favor of the exercise of jurisdiction because "the presence of state law and the adequacy of state proceedings can be used only in 'rare circumstances' to justify Colorado River abstention." Gannett, 286 F.3d at 746 (referencing Moses H. Cone, 460 U.S. at 26). Federal courts routinely address questions of state law in diversity cases and basing abstention on the presence of state law, without something more, would undermine diversity jurisdiction. See id. at 747; see also Evans Transp. Co. v. Scullin Steel Co., 693 F.2d 715, 717 (7th Cir. 1982) ("[U]ntil Congress decides to alter or eliminate the diversity jurisdiction we are not free to treat the diversity litigant as a second-class litigant . . . ."). While federal law is not implicated in this case, defendants have offered no evidence that there is a novel question of state law that would be best decided by the state court.

As for the last two factors, the adequacy of the state court proceedings to protect the parties' rights does not by itself warrant abstention, and the defendants have not made a case that

7

Wachovia's behavior was vexatious or contrived. Because Virginia does not have a compulsory counterclaim requirement, Wachovia acted well within its rights in bringing a separate suit in federal court to enforce its loans. Because the court finds that even if the actions could be considered parallel there are still no exceptional circumstances, abstention is not warranted, and the court is constrained to deny the defendants' motion.

### III.

For the reasons stated, defendants' motion to dismiss or, in the alternative, to stay is denied.

**ENTER:** This 10th day of May 2010.

UNITED STATES DISTRICT JUDGE